Blaine D. Gilman, Esq.
Emily A.J. Hall, Esq.
Gilman & Pevehouse
130 South Willow, Suite 3
Kenai, Alaska 99611
Telephone:   (907) 283-2600
Facsimile:    (907) 398-2009
bdgilman@gilmanlawak.com
ejhall@gilmanlawak.com

Attorneys for Defendants, Helen Knopp, Estate of Gary Knopp
& G & H Construction

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RHONDA ROGERS, individually and On behalf of the ESTATE OF DAVID ROGERS,<br><br>        Plaintiffs,<br><br>vs.<br><br>HELEN KNOPP, individually and as the Personal Representative of the ESTATE OF GARY KNOPP, and G & H CONSTRUCTION,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: 3:21-cv-_____

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants, Helen Knopp, individually and as the Personal Representative of the Estate of Gary Knopp, and G & H Construction, by and through Gilman & Pevehouse, hereby remove the state court action, Ronda Rogers, individually and on behalf of the Estate of David Rogers, v. Helen Knopp, individually and as the Personal Representative of the Estate of Gary Knopp, and G & H Construction, Case No. 3AN-21-04688 CI, pending in the

Superior Court for the State of Alaska, Third Judicial District at Anchorage, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

The grounds for removal are as follows:

## I. PLEADINGS

1. This action involves the mid-air crash between two planes that occurred on July 31, 2020 and that took place in the air above the Soldotna area of the Kenai Peninsula Borough. Decedent, Gary Knopp, was piloting his plane a Piper PA-12. Decedent, David Rogers, was a passenger in the other plane. Both Gary Knopp and David Rogers died. Plaintiffs allege 1) that Gary was negligent in the manner in the way he operated his aircraft; 2) that Gary was negligent per se by operating his plane without a valid pilot's license; 3) that Defendant Helen Knopp was negligent by allowing Gary to operate his aircraft in the course of a business she owned without a valid pilot's license; and 4) that G & H Construction was negligent by allowing Gary to operate his aircraft without a valid pilot's license in the course and scope of its business. (See Plaintiffs' Summons, Complaint, and Demand for Jury Trial attached as Exhibit A.) Plaintiffs seek compensatory and punitive damages in excess of $100,000 plus actual costs and attorney fees.

2. Plaintiffs filed their Complaint on or about February, 24, 2021. Plaintiffs served Defendants with a copy of the Summons, Complaint, and Demand for Jury Trial on March 16, 2021.

## II. REMOVAL IS PROPER IN THIS CASE

### A. Removal Is Timely.

3. Removal is timely, pursuant to 28 U.S.C. § 1446(b), because Defendants have removed the case within 30 days of Plaintiff serving Defendants with the Summons and Complaint. *(See supra ¶ 2).*

**B.  This Court Has Diversity Jurisdiction.**

4.  Pursuant to 28. U.S.C. § 1332, this Court has original jurisdiction over Plaintiffs' claims in this matter because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because Plaintiffs and Defendants are citizens of different states.

5.  Plaintiff, Rhonda Rogers, and the decedent, David Rogers are citizens of the State of Kansas. (*See* Complaint, at ¶ 1, Exhibit A)  28 U.S.C. § 1332(c)(2) states in part: "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent …".  Thus, the Plaintiff, Estate of David Rogers, is also a citizen of Kansas.

6.  Defendants are citizens of the State of Alaska. (*See* Complaint at ¶¶ 2 & 3, Exhibit A)

7.  The amount in controversy exceeds $75,000. (*See* Prayer for Relief of Complaint, ¶ 1, Exhibit A)

**C.  Venue And Other Requirements Are Satisfied.**

8.  Venue is proper in this Court because the United States District Court for the District of Alaska is the "district and division embracing the place where such action is pending", here the Superior Court for the State of Alaska, Third Judicial District at Anchorage.  Further, the venue requirements of Local Rule 3.2(b) are satisfied because the District Court is located in Anchorage where the Complaint was filed and Anchorage belongs to the Third Judicial District of Alaska.

9.  Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and Demand for Jury Trial is attached as Exhibit A.  There are no other process, pleadings, or orders served upon, or otherwise received by Defendants in this action.

10.  Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this Removal with the Clerk of the Superior Court for the State of Alaska, Third Judicial District at Anchorage.  A Notice of Removal to Adverse Party, together with copies of this Notice of Removal and the Notice of Filing of Notice of Removal to Clerk of the Superior Court for the State of Alaska, Third

Judicial District at Anchorage are also being served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

## III. CONCLUSION

WHEREFORE, all Defendants, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully remove the action now pending against them in the Superior Court for the State of Alaska, Third Judicial District at Anchorage to this Honorable Court, and request this Court to retain jurisdiction for all further proceedings.

DATED Kenai, Alaska this 24th day of March, 2021.

        Gilman & Pevehouse
        Attorneys for Defendants

By:   /s/ Blaine D. Gilman
      Blaine D. Gilman, ABA #: 8611112

### CERTIFICATE OF SERVICE

I certify that on this 24th day of March, 2021, a copy of the foregoing Notice of Removal was served by email and by first-class mail, postage prepaid, on the following:

    David Karl Gross, Esq.
    Birch Horton Bittner & Cherot
    510 L Street, #700
    Anchorage, Alaska 99501

        /s/ Rebecca Gilman