IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

RHONDA ROGERS and ESTATE OF DAVID ROGERS,
          Plaintiff(s),

vs.

HELEN KNOPP, ESTATE OF GARY KNOPP and G&H CONSTRUCTION
          Defendant(s).

CASE NO. 3AN- 21-_____ CI

**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT**

To Defendant: Helen Knopp, Indiv. and as PR of Estate of G. Knopp

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) David Karl Gross, whose address is: 510 L Street, #700, Anchorage, AK 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

**NOTICE OF JUDICIAL ASSIGNMENT**

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Gorton and to a magistrate judge.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

2/24/2021
Date

By: _____
Deputy Clerk

I certify that on 2/24/2021 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk: 6-D

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/17)(cs)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, #700
Anchorage, AK 99501
dgross@bhb.com
Telephone: 907.276.1550
Facsimile: 907.276.3680

Attorney for Plaintiffs

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| RHONDA ROGERS, individually and on behalf of the ESTATE OF DAVID ROGERS,<br><br>Plaintiffs,<br><br>vs.<br><br>HELEN KNOPP, individually and as the Personal Representative of the ESTATE OF GARY KNOPP, and G&H CONSTRUCTION,<br><br>Defendants. | Case No. 3AN-21-04688 CI |

## COMPLAINT

COME NOW Plaintiffs, Rhonda Rogers ("Rhonda"), individually and on behalf of the Estate of David Rogers ("David"), deceased, by and through undersigned counsel, and hereby state and allege as follows:

### I. PARTIES AND JURISDICTION

1. Rhonda and David were husband and wife and both were residents of the State of Kansas. David is now deceased and Rhonda is the Personal Representative of David's estate.

ROGERS V. KNOPP
COMPLAINT
01037262.DOCX

CASE NO. 3AN-21-04688 CI
PAGE 1 OF 6

Case 3:21-cv-00071-TMB   Document 1-1   Filed 03/24/21   Page 2 of 8

EXHIBIT A
Page 2 of 8

2.  Helen Knopp ("Helen") is a resident of the State of Alaska, and is the Personal Representative of the Estate of Gary Knopp ("Estate"). The Estate was created pursuant to the laws of the State of Alaska.

3.  Helen was also the co-owner with Gary Knopp ("Gary") of a sole proprietorship operating under the name G&H Construction ("G&H"), which was doing business in the State of Alaska.

4.  Venue and jurisdiction are proper in the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

## II. FACTUAL BASIS OF THE CLAIM

5.  Gary was the owner of a Piper PA-12, which he would regularly use for business purposes related to the work being done by G&H. Helen was aware of and consented to the use of this aircraft for business purposes.

6.  According to the preliminary report issued by the National Transportation Safety Board, Gary was denied a medical certification in June 2012 due to vision problems. Gary appealed that decision, but the denial was affirmed in July 2012. Despite not being licensed to operate an aircraft, Gary continued to fly and continued to use the aircraft for business purposes.

7.  Helen was aware that Gary lost his license to operate an aircraft, yet she continued to allow Gary to use the aircraft on behalf of G&H for business purposes.

8.  On July 31, 2020, Gary took off in his Piper PA-12 from the Soldotna Airport headed to Fairbanks. On information and belief, this flight was to be performed in the course and scope of his work on behalf of G&H. Helen knew that Gary was going to use the aircraft for business purposes and did nothing to stop Gary. In essence, she

ROGERS V. KNOPP
COMPLAINT
01037262.DOCX

CASE NO. 3AN-21-04688 CI
PAGE 2 OF 6

Case 3:21-cv-00071-TMB   Document 1-1   Filed 03/24/21   Page 3 of 8
EXHIBIT A
Page 3 of 8

consented and agreed to allow Gary to use the aircraft for business purposes despite him being unlicensed.

9. Right after takeoff, Gary ascended to an altitude of approximately 1,175 feet. When approaching the Sterling Highway, he had an unobstructed view of another aircraft in his path, yet he took no evasive action and collided with the other aircraft's left rear. Pilots have a duty to see and avoid, which is a fundamental rule of flying requiring them to avoid other aircraft in their vicinity. Further, the Federal Aviation Regulations state that a pilot may not "operate an aircraft so close to another aircraft as to create a collision hazard." See 14 CFR § 91.111(a). These general principles, in conjunction with the fact that Gary did not have an active pilot's license due to vision problems, will result in Gary being primarily at fault for the accident.

10. David was a passenger in the airplane Gary struck. Pursuant to Alaska's survivorship statute (AS 09.55.570), David is entitled to recover those damages suffered prior to the accident, including pre-death pain and suffering. In addition, pursuant to Alaska's wrongful death statute (AS 09.55.580), Rhonda, on behalf of the Estate, is entitled to recover damages for deprivation of the expectation of pecuniary benefits, loss of assistance and services, loss of consortium, and funeral expenses. The exact amount of these damages will be proven at time of trial.

### III. COUNT 1 – NEGLIGENCE (GARY KNOPP)

11. Plaintiffs incorporate by reference paragraphs 1-10 of this Complaint as if fully set forth herein.

12. Gary acted in a negligent manner in the way he operated his aircraft resulting in the midair collision taking place on July 31, 2020.

ROGERS V. KNOPP
COMPLAINT
01037262.DOCX

CASE NO. 3AN-21-04688 CI
PAGE 3 OF 6

Case 3:21-cv-00071-TMB   Document 1-1   Filed 03/24/21   Page 4 of 8
EXHIBIT A
Page 4 of 8

13. This negligent conduct caused damages, including but not limited to direct, indirect, general, special and consequential damages, the exact amount to be proven at time of trial.

14. This negligent conduct was also reckless, and because the conduct was in conscious disregard for the rights of others, including David, punitive damages are warranted.

### IV. COUNT 2 – NEGLIGENCE PER SE (GARY KNOPP)

15. Plaintiffs incorporate by reference paragraphs 1-14 of this Complaint as if fully set forth herein.

16. Gary is liable for negligence per se because by operating his aircraft without a valid pilot's license, he violated the Federal Aviation Regulations.

17. This negligent conduct caused damages, including but not limited to direct, indirect, general, special and consequential damages, the exact amount to be proven at time of trial.

18. This negligent conduct was also reckless, and because the conduct was in conscious disregard for the rights of others, including David, punitive damages are warranted.

### V. COUNT 3 – NEGLIGENCE (HELEN KNOPP)

19. Plaintiffs incorporate by reference paragraphs 1-18 of this Complaint as if fully set forth herein.

20. Helen was negligent by allowing Gary to operate his aircraft in the course of a business she owned without a valid pilot's license, which was a violation of the Federal Aviation Regulations.

ROGERS V. KNOPP
COMPLAINT
01037262.DOCX
CASE NO. 3AN-21-04688 CI
PAGE 4 OF 6

Case 3:21-cv-00071-TMB   Document 1-1   Filed 03/24/21   Page 5 of 8
EXHIBIT A
Page 5 of 8

21. This negligent conduct caused damages, including but not limited to direct, indirect, general, special and consequential damages, the exact amount to be proven at time of trial.

22. This negligence conduct was also reckless, and because the conduct was in conscious disregard for the rights of others, including David, punitive damages are warranted.

## VI. COUNT 4 – NEGLIGENCE (G&H CONSTRUCTION)

23. Plaintiffs incorporate by reference paragraphs 1-22 of this Complaint as if fully set forth herein.

24. G&H was negligent by allowing Gary to operate his aircraft without a valid pilot's license in the course and scope of G&H's business, which was a violation of the Federal Aviation Regulations.

25. This negligent conduct caused damages, including but not limited to direct, indirect, general, special and consequential damages, the exact amount to be proven at time of trial.

26. This negligent conduct was also reckless, and because the conduct was in conscious disregard for the rights of others, including David, punitive damages are warranted.

### PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for relief as follows:

1. Compensatory and punitive damages in excess of $100,000, the exact amount to be determined at trial;

2. Pre- and post-judgment interest;

ROGERS V. KNOPP
COMPLAINT
01037262.DOCX

CASE NO. 3AN-21-04688 CI
PAGE 5 OF 6

Case 3:21-cv-00071-TMB   Document 1-1   Filed 03/24/21   Page 6 of 8
EXHIBIT A
Page 6 of 8

3.  Actual costs and attorneys' fees; and

4.  Such other and further relief as the Court deems just and proper.

DATED this 24th day of February, 2021.

                BIRCH HORTON BITTNER & CHEROT
                Attorneys for Plaintiff

                By: /s/ David Karl Gross
                      David Karl Gross, ABA #9611065

ROGERS V. KNOPP
COMPLAINT
01037262.DOCX

CASE NO. 3AN-21-04688 CI
PAGE 6 OF 6

Case 3:21-cv-00071-TMB   Document 1-1   Filed 03/24/21   Page 7 of 8
EXHIBIT A
Page 7 of 8

David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, #700
Anchorage, AK 99501
dgross@bhb.com
Telephone: 907.276.1550
Facsimile: 907.276.3680

Attorney for Plaintiffs

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| RHONDA ROGERS, individually and on behalf of the ESTATE OF DAVID ROGERS,<br><br>Plaintiffs,<br><br>vs.<br><br>HELEN KNOPP, individually and as the Personal Representative of the ESTATE OF GARY KNOPP, and G&H CONSTRUCTION,<br><br>Defendants. | Case No. 3AN-21-04688 CI |

## DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, by and through undersigned counsel, and hereby request trial by jury on all issues so triable.

DATED this 24th day of February, 2021.

BIRCH HORTON BITTNER & CHEROT
Attorneys for Plaintiff

By:  /s/ David Karl Gross
David Karl Gross, ABA #9611065

ROGERS V. KNOPP
DEMAND FOR JURY TRIAL
01059846.DOCX

CASE NO. 3AN-21-04688 CI
PAGE 1 OF 1

Case 3:21-cv-00071-TMB   Document 1-1   Filed 03/24/21   Page 8 of 8
EXHIBIT A
Page 8 of 8