Blaine D. Gilman, Esq.
Emily A.J. Hall, Esq.
Gilman & Pevehouse
130 South Willow, Suite 3
Kenai, Alaska 99611
Telephone: (907) 283-2600
Facsimile: (907) 398-2009
bdgilman@gilmanlawak.com
ejhall@gilmanlawak.com

Attorneys for Defendants, Helen Knopp, Estate of Gary Knopp
& G & H Construction

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| RHONDA ROGERS, individually and On behalf of the ESTATE OF DAVID ROGERS,<br><br>Plaintiffs,<br><br>vs.<br><br>HELEN KNOPP, individually and as the Personal Representative of the ESTATE OF GARY KNOPP, and G & H CONSTRUCTION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 3AN-21-04688 CI |

### NOTICE OF FILING NOTICE OF REMOVAL

To: The Clerk of the Superior Court for the State of Alaska
Third Judicial District at Anchorage

PLEASE TAKE NOTICE that Defendants, Helen Knopp, individually and as the Personal Representative of the Estate of Gary Knopp, and G & H Construction, filed a Notice of Removal of the state court action captioned above, *Rhonda Rogers, individually and on behalf of the Estate of David Rogers v. Helen Knopp, individually and as the Personal Representative of the Estate of Gary Knopp, and G & H Construction,* Case No: 3AN-21-04688 CI, pending in the Superior

Court for the State of Alaska, Third Judicial District at Anchorage pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on March 24, 2021. A copy of this Notice of Removal is attached as Exhibit A.

DATED Kenai, Alaska this 24th day of March, 2021.

                Gilman & Pevehouse
                Attorneys for Defendants

By: /s/ Blaine D. Gilman
     Blaine D. Gilman, ABA #: 8611112

## CERTIFICATE OF SERVICE

I certify that on this 24th day of March, 2021, a copy of the foregoing Notice of Filing Notice Of Removal was served by email and by first-class mail, postage prepaid, on the following:

    David Karl Gross, Esq.
    Birch Horton Bittner & Cherot
    510 L Street, #700
    Anchorage, Alaska 99501

                /s/ Rebecca Gilman

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 3
KENAI, ALASKA 99611
PHONE (907) 283-2600 FAX (907) 283-2009

Notice Of Filing Notice Of Removal,     Page 2 of 2
Rhonda Rogers, et al v. Helen Knopp, et al
Case No.: 3AN-21-04688 CI
Case 3:21-cv-00071-TMB Document 3-1 Filed 03/24/21 Page 2 of 14
EXHIBIT 1
Page 2 of 14

Blaine D. Gilman, Esq.
Emily A.J. Hall, Esq.
Gilman & Pevehouse
130 South Willow, Suite 3
Kenai, Alaska 99611
Telephone: (907) 283-2600
Facsimile: (907) 398-2009
bdgilman@gilmanlawak.com
ejhall@gilmanlawak.com

Attorneys for Defendants, Helen Knopp, Estate of Gary Knopp
& G & H Construction

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RHONDA ROGERS, individually and On behalf of the ESTATE OF DAVID ROGERS,<br><br>Plaintiffs,<br><br>vs.<br><br>HELEN KNOPP, individually and as the Personal Representative of the ESTATE OF GARY KNOPP, and G & H CONSTRUCTION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 3:21-cv-_____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants, Helen Knopp, individually and as the Personal Representative of the Estate of Gary Knopp, and G & H Construction, by and through Gilman & Pevehouse, hereby remove the state court action, Ronda Rogers, individually and on behalf of the Estate of David Rogers, v. Helen Knopp, individually and as the Personal Representative of the Estate of Gary Knopp, and G & H Construction, Case No. 3AN-04688 CI, pending in the Superior

Notice Of Removal,
Rhonda Rogers, et al v. Helen Knopp, et al
Case No.: 3:21-cv-_____

Page 1 of 4
EXHIBIT A
Page 1 of 12

Case 3:21-cv-00071-TMB   Document 3-1   Filed 03/24/21   Page 3 of 14
Page 3 of 14

Court for the State of Alaska, Third Judicial District at Anchorage, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

The grounds for removal are as follows:

## I. PLEADINGS

1. This action involves the mid-air crash between two planes that occurred on July 31, 2020 and that took place in the air above the Soldotna area of the Kenai Peninsula Borough. Decedent, Gary Knopp, was piloting his plane a Piper PA-12. Decedent, David Rogers, was a passenger in the other plane. Both Gary Knopp and David Rogers died. Plaintiffs allege 1) that Gary was negligent in the manner in the way he operated his aircraft; 2) that Gary was negligent per se by operating his plane without a valid pilot's license; 3) that Defendant Helen Knopp was negligent by allowing Gary to operate his aircraft in the course of a business she owned without a valid pilot's license; and 4) that G & H Construction was negligent by allowing Gary to operate his aircraft without a valid pilot's license in the course and scope of its business. (See Plaintiffs' Summons, Complaint, and Demand for Jury Trial attached as Exhibit A.) Plaintiffs seek compensatory and punitive damages in excess of $100,000 plus actual costs and attorney fees.

2. Plaintiffs filed their Complaint on or about February, 24, 2021. Plaintiffs served Defendants with a copy of the Summons, Complaint, and Demand for Jury Trial on March 16, 2021.

## II. REMOVAL IS PROPER IN THIS CASE

### A. Removal Is Timely.

3. Removal is timely, pursuant to 28 U.S.C. § 1446(b), because Defendants have removed the case within 30 days of Plaintiff serving Defendants with the Summons and Complaint. (*See supra* ¶ 2).

Notice Of Removal,
Rhonda Rogers, et al v. Helen Knopp, et al
Case No.: 3:21-cv-_____

Page 2 of 4
EXHIBIT A
Page 2 of 12

Case 3:21-cv-00071-TMB   Document 3-1   Filed 03/24/21   Page 4 of 14
Page 4 of 14

## B. This Court Has Diversity Jurisdiction.

4. Pursuant to 28. U.S.C. § 1332, this Court has original jurisdiction over Plaintiffs' claims in this matter because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because Plaintiffs and Defendants are citizens of different states.

5. Plaintiff, Rhonda Rogers, and the decedent, David Rogers are citizens of the State of Kansas. (*See* Complaint, at ¶ 1, Exhibit A) 28 U.S.C. § 1332(c)(2) states in part: "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent …". Thus, the Plaintiff, Estate of David Rogers, is also a citizen of Kansas.

6. Defendants are citizens of the State of Alaska. (*See* Complaint at ¶¶ 2 & 3, Exhibit A)

7. The amount in controversy exceeds $75,000. (*See* Prayer for Relief of Complaint, ¶ 1, Exhibit A)

## C. Venue And Other Requirements Are Satisfied.

8. Venue is proper in this Court because the United States District Court for the District of Alaska is the "district and division embracing the place where such action is pending", here the Superior Court for the State of Alaska, Third Judicial District at Anchorage. Further, the venue requirements of Local Rule 3.2(b) are satisfied because the District Court is located in Anchorage where the Complaint was filed and Anchorage belongs to the Third Judicial District of Alaska.

9. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and Demand for Jury Trial is attached as Exhibit A. There are no other process, pleadings, or orders served upon, or otherwise received by Defendants in this action.

10. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this Removal with the Clerk of the Superior Court for the State of Alaska, Third Judicial District at Anchorage. A Notice of Removal to Adverse Party, together with copies of this Notice of Removal and the Notice of Filing of Notice of Removal to Clerk of the Superior Court for the State of Alaska, Third

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 3
KENAI, ALASKA 99611
PHONE (907) 283-2600  FAX (907) 283-2009

Notice Of Removal,
Rhonda Rogers, et al v. Helen Knopp, et al
Case No.: 3:21-cv-_____

Page 3 of 4
EXHIBIT A
Page 3 of 12

Case 3:21-cv-00071-TMB   Document 3-1   Filed 03/24/21   Page 5 of 14
EXHIBIT 1
Page 5 of 14

Judicial District at Anchorage are also being served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

## III. CONCLUSION

WHEREFORE, all Defendants, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully remove the action now pending against them in the Superior Court for the State of Alaska, Third Judicial District at Anchorage to this Honorable Court, and request this Court to retain jurisdiction for all further proceedings.

DATED Kenai, Alaska this 24th day of March, 2021.

                Gilman & Pevehouse
                Attorneys for Defendants

By: /s/ Blaine D. Gilman
      Blaine D. Gilman, ABA #: 8611112

### CERTIFICATE OF SERVICE

I certify that on this 24th day of March, 2021, a copy of the foregoing Notice of Removal was served by email and by first-class mail, postage prepaid, on the following:

    David Karl Gross, Esq.
    Birch Horton Bittner & Cherot
    510 L Street, #700
    Anchorage, Alaska 99501

                /s/ Rebecca Gilman

Gilman & Pevehouse
130 South Willow Street, Suite 3
Kenai, Alaska 99611
Phone (907) 283-2600 Fax (907) 283-2009

Notice Of Removal,
Rhonda Rogers, et al v. Helen Knopp, et al
Case No.: 3:21-cv-

Page 4 of 4
EXHIBIT A
Page 4 of 12

Case 3:21-cv-00071-TMB Document 3-1 Filed 03/24/21 Page 6 of 14
EXHIBIT
Page 6 of 14

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

RHONDA ROGERS and ESTATE OF DAVID ROGERS,

Plaintiff(s),

vs.

HELEN KNOPP, ESTATE OF GARY KNOPP and G&H CONSTRUCTION

Defendant(s).

CASE NO. 3AN-21-_____ CI

**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT**

To Defendant: Helen Knopp, Indiv. and as PR of Estate of G. Knopp

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) David Karl Gross, whose address is:
510 L Street, #700, Anchorage, AK 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge  Garton
and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____

CLERK OF COURT

2/24/2021
Date

By: _____
Deputy Clerk

I certify that on 2/24/2021 a copy of this Summons was  ☐ mailed  ☒ given to
☐ plaintiff  ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order  ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk: 6D

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/17)(cs)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

EXHIBIT A
Page 5 of 12

David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, #700
Anchorage, AK 99501
dgross@bhb.com
Telephone: 907.276.1550
Facsimile: 907.276.3680

Attorney for Plaintiffs

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| RHONDA ROGERS, individually and on behalf of the ESTATE OF DAVID ROGERS,<br><br>Plaintiffs,<br><br>vs.<br><br>HELEN KNOPP, individually and as the Personal Representative of the ESTATE OF GARY KNOPP, and G&H CONSTRUCTION,<br><br>Defendants. | Case No. 3AN-21-04688 CI |

## COMPLAINT

COME NOW Plaintiffs, Rhonda Rogers ("Rhonda"), individually and on behalf of the Estate of David Rogers ("David"), deceased, by and through undersigned counsel, and hereby state and allege as follows:

### I. PARTIES AND JURISDICTION

1. Rhonda and David were husband and wife and both were residents of the State of Kansas. David is now deceased and Rhonda is the Personal Representative of David's estate.

ROGERS V. KNOPP
COMPLAINT
01037282.DOCX

CASE NO. 3AN-21-04688 CI
PAGE 1 OF 6
EXHIBIT A
Page 6 of 12

Case 3:21-cv-00071-TMB   Document 3-1   Filed 03/24/21   Page 8 of 14
EXHIBIT A
Page 8 of 14
Page 2 of 8

2.  Helen Knopp ("Helen") is a resident of the State of Alaska, and is the Personal Representative of the Estate of Gary Knopp ("Estate"). The Estate was created pursuant to the laws of the State of Alaska.

3.  Helen was also the co-owner with Gary Knopp ("Gary") of a sole proprietorship operating under the name G&H Construction ("G&H"), which was doing business in the State of Alaska.

4.  Venue and jurisdiction are proper in the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

## II. FACTUAL BASIS OF THE CLAIM

5.  Gary was the owner of a Piper PA-12, which he would regularly use for business purposes related to the work being done by G&H. Helen was aware of and consented to the use of this aircraft for business purposes.

6.  According to the preliminary report issued by the National Transportation Safety Board, Gary was denied a medical certification in June 2012 due to vision problems. Gary appealed that decision, but the denial was affirmed in July 2012. Despite not being licensed to operate an aircraft, Gary continued to fly and continued to use the aircraft for business purposes.

7.  Helen was aware that Gary lost his license to operate an aircraft, yet she continued to allow Gary to use the aircraft on behalf of G&H for business purposes.

8.  On July 31, 2020, Gary took off in his Piper PA-12 from the Soldotna Airport headed to Fairbanks. On information and belief, this flight was to be performed in the course and scope of his work on behalf of G&H. Helen knew that Gary was going to use the aircraft for business purposes and did nothing to stop Gary. In essence, she

ROGERS V. KNOPP
COMPLAINT
01037282.DOCX

CASE NO. 3AN-21-04688 CI
PAGE 2 OF 6 EXHIBIT A
Page 7 of 12
Case 3:21-cv-00071-TMB   Document 3-1   Filed 03/24/21   Page 9 of 14
EXHIBIT A
Page 9 of 14

consented and agreed to allow Gary to use the aircraft for business purposes despite him being unlicensed.

9. Right after takeoff, Gary ascended to an altitude of approximately 1,175 feet. When approaching the Sterling Highway, he had an unobstructed view of another aircraft in his path, yet he took no evasive action and collided with the other aircraft's left rear. Pilots have a duty to see and avoid, which is a fundamental rule of flying requiring them to avoid other aircraft in their vicinity. Further, the Federal Aviation Regulations state that a pilot may not "operate an aircraft so close to another aircraft as to create a collision hazard." See 14 CFR § 91.111(a). These general principles, in conjunction with the fact that Gary did not have an active pilot's license due to vision problems, will result in Gary being primarily at fault for the accident.

10. David was a passenger in the airplane Gary struck. Pursuant to Alaska's survivorship statute (AS 09.55.570), David is entitled to recover those damages suffered prior to the accident, including pre-death pain and suffering. In addition, pursuant to Alaska's wrongful death statute (AS 09.55.580), Rhonda, on behalf of the Estate, is entitled to recover damages for deprivation of the expectation of pecuniary benefits, loss of assistance and services, loss of consortium, and funeral expenses. The exact amount of these damages will be proven at time of trial.

### III.   COUNT 1 – NEGLIGENCE (GARY KNOPP)

11. Plaintiffs incorporate by reference paragraphs 1-10 of this Complaint as if fully set forth herein.

12. Gary acted in a negligent manner in the way he operated his aircraft resulting in the midair collision taking place on July 31, 2020.

ROGERS V. KNOPP
COMPLAINT
01037282.DOCX

CASE NO. 3AN-21-04688 CI
PAGE 3 OF 6 EXHIBIT A
Page 8 of 12
Case 3:21-cv-00071-TMB   Document 3-1   Filed 03/24/21   Page 10 of 14
EXHIBIT A
Page 10 of 14   EXHIBIT A

13. This negligent conduct caused damages, including but not limited to direct, indirect, general, special and consequential damages, the exact amount to be proven at time of trial.

14. This negligent conduct was also reckless, and because the conduct was in conscious disregard for the rights of others, including David, punitive damages are warranted.

### IV. COUNT 2 – NEGLIGENCE PER SE (GARY KNOPP)

15. Plaintiffs incorporate by reference paragraphs 1-14 of this Complaint as if fully set forth herein.

16. Gary is liable for negligence per se because by operating his aircraft without a valid pilot's license, he violated the Federal Aviation Regulations.

17. This negligent conduct caused damages, including but not limited to direct, indirect, general, special and consequential damages, the exact amount to be proven at time of trial.

18. This negligent conduct was also reckless, and because the conduct was in conscious disregard for the rights of others, including David, punitive damages are warranted.

### V. COUNT 3 – NEGLIGENCE (HELEN KNOPP)

19. Plaintiffs incorporate by reference paragraphs 1-18 of this Complaint as if fully set forth herein.

20. Helen was negligent by allowing Gary to operate his aircraft in the course of a business she owned without a valid pilot's license, which was a violation of the Federal Aviation Regulations.

ROGERS V. KNOPP
COMPLAINT
01037262.DOCX
CASE NO. 3AN-21-04888 CI
PAGE 4 OF 6
EXHIBIT A
Page 9 of 12

Case 3:21-cv-00071-TMB   Document 3-1   Filed 03/24/21   Page 11 of 14
EXHIBIT A
Page 11 of 14
EXHIBIT A
Page 5 of 8

21. This negligent conduct caused damages, including but not limited to direct, indirect, general, special and consequential damages, the exact amount to be proven at time of trial.

22. This negligence conduct was also reckless, and because the conduct was in conscious disregard for the rights of others, including David, punitive damages are warranted.

### VI. COUNT 4 – NEGLIGENCE (G&H CONSTRUCTION)

23. Plaintiffs incorporate by reference paragraphs 1-22 of this Complaint as if fully set forth herein.

24. G&H was negligent by allowing Gary to operate his aircraft without a valid pilot's license in the course and scope of G&H's business, which was a violation of the Federal Aviation Regulations.

25. This negligent conduct caused damages, including but not limited to direct, indirect, general, special and consequential damages, the exact amount to be proven at time of trial.

26. This negligent conduct was also reckless, and because the conduct was in conscious disregard for the rights of others, including David, punitive damages are warranted.

### PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for relief as follows:

1. Compensatory and punitive damages in excess of $100,000, the exact amount to be determined at trial;

2. Pre- and post-judgment interest;

ROGERS V. KNOPP
COMPLAINT
01037262.DOCX

CASE NO. 3AN-21-04688 CI
PAGE 5 OF 6
EXHIBIT A
Page 10 of 12

Case 3:21-cv-00071-TMB   Document 3-1   Filed 03/24/21   Page 12 of 14
EXHIBIT A
Page 12 of 14
EXHIBIT A
Page 6 of 8

3. Actual costs and attorneys' fees; and

4. Such other and further relief as the Court deems just and proper.

DATED this __24th__ day of February, 2021.

                BIRCH HORTON BITTNER & CHEROT
                Attorneys for Plaintiff

                By:   /s/ David Karl Gross
                      David Karl Gross, ABA #9611065

ROGERS V. KNOPP
COMPLAINT
01037252.DOCX
CASE NO. 3AN-21-04688 CI
PAGE 6 OF 6 EXHIBIT A
Page 11 of 12

Case 3:21-cv-00071-TMB Document 3-1 Filed 03/24/21 Page 13 of 14
EXHIBIT A
Page 13 of 14 EXHIBIT A
Page 7 of 8

David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, #700
Anchorage, AK 99501
dgross@bhb.com
Telephone: 907.276.1550
Facsimile: 907.276.3680

Attorney for Plaintiffs

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| RHONDA ROGERS, individually and on behalf of the ESTATE OF DAVID ROGERS, <br><br> Plaintiffs, <br><br> vs. <br><br> HELEN KNOPP, individually and as the Personal Representative of the ESTATE OF GARY KNOPP, and G&H CONSTRUCTION, <br><br> Defendants. | Case No. 3AN-21-04688 CI |

## DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, by and through undersigned counsel, and hereby request trial by jury on all issues so triable.

DATED this 24th day of February, 2021.

BIRCH HORTON BITTNER & CHEROT
Attorneys for Plaintiff

By: /s/ David Karl Gross
David Karl Gross, ABA #9611065

ROGERS V. KNOPP
DEMAND FOR JURY TRIAL
01059846.DOCX

CASE NO. 3AN-21-04688 CI
PAGE 1 OF 1 EXHIBIT A
Page 12 of 12

Case 3:21-cv-00071-TMB   Document 3-1   Filed 03/24/21   Page 14 of 14
EXHIBIT A
Page 14 of 14
EXHIBIT A
Page 8 of 8